## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ADI Liquidation, Inc. (f/k/a AWI Delaware, Inc.), *et al.*,[1] | Case No. 14-12092 (KJC) |
| Debtors. | (Jointly Administered) |
| AW Liquidation, Inc. (f/k/a Associated Wholesalers, Inc.) and WR Liquidation, Inc. (f/k/a White Rose, Inc.) | |
| Plaintiffs, | Adversary Proceeding No. 16-_____ |
| v. | |
| FGF BRANDS INC., | |
| Defendant. | |

### COMPLAINT TO AVOID AND RECOVER TRANSFERS
### PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550 AND TO
### DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

AW Liquidation, Inc. (f/k/a Associated Wholesalers, Inc.) ("AW") and WR Liquidation,

Inc. (f/k/a White Rose, Inc.) ("WR"), debtors and debtors-in-possession (the "Plaintiffs"), by and

through their undersigned counsel, hereby file this complaint (the "Complaint") against FGF

Brands Inc. (the "Defendant") and, in support hereof, allege as follows:

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: ADI Liquidation, Inc. (f/k/a AWI Delaware, Inc.) (3683); AW Liquidation, Inc. (f/k/a Associated Wholesalers, Inc.) (7857); NK Liquidation, Inc. (f/k/a Nell's, Inc.) (1195); Co-Op Agency Inc. (4081); AL Liquidation, Inc. (f/k/a Associated Logistics, Inc.) (1506); WR Liquidation, Inc. (f/k/a White Rose Inc.) (1833); RT Liquidation Corp. (f/k/a Rose Trucking Corp.) (2630); WRSC Liquidation Corp. (f/k/a WR Service Corp.) (5698); WRSC II Liquidation Corp. (f/k/a WR Service II Corp.) (9444); WRSC V Liquidation Corp. (f/k/a WR Service V Corp.) (4224); and White Rose Puerto Rico, LLC (4914). The Debtors' address is AW Liquidation, Inc. (f/k/a Associated Wholesalers, Inc.) (collectively, the "Debtors"), c/o Douglas A. Booth, Route 422, P.O. Box 233, Robesonia, PA 19551.

## NATURE OF ACTION

1.      Pursuant to sections 547 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), the Plaintiffs hereby seek to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety-day period (the "Preference Period")[2] prior to the commencement of the above-captioned cases (the "Chapter 11 Cases") of the Debtors.  The Debtors have conducted an analysis of the transfers made by the Plaintiffs to the Defendant during the Preference Period and have determined that the transfers set forth on the attached **Exhibit A** are avoidable as preferential transfers (the "Transfers").

2.      Subject to proof, Plaintiffs also seek to avoid and recover from Defendant, or any other person for whose benefit transfers were made, pursuant to sections 548 and 550 of the Bankruptcy Code any transfers that may have been fraudulent conveyances.

3.      In addition, the Plaintiffs seek to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that the Defendant has filed or asserted against Plaintiffs or that has been scheduled for the Defendant.  Plaintiffs do not waive, but hereby reserve, all rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this adversary proceeding (the "Adversary Proceeding"), which arises under the Bankruptcy Code and arises in and relates to the Chapter 11 Cases commenced in this Court.

---

2       The Preference Period ran between June 10, 2014 and September 8, 2014.

5.      The Adversary Proceeding is a core proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b), and the Court may enter final orders for matters contained herein.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Plaintiffs hereby consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

8.      The statutory predicates for the relief sought herein are sections 502, 547, 548 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## PROCEDURAL BACKGROUND

9.      On September 9, 2014 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

10.     On August 17, 2016, the Debtors filed the *Debtors' Second Amended Chapter 11 Plan of Liquidation* [D.I. 3178] (as may be subsequently amended, the "Plan").

11.     As reflected in the Plan, the claims of unsecured creditors are impaired and are not expected to be paid in full in these Chapter 11 Cases.

## THE PARTIES

12.    As of the Petition Date, the Debtors serviced supermarkets, specialty stores, convenience stores and superettes with grocery, meat, produce, dairy, frozen foods and general merchandise/health and beauty care products, and provided a wide array of retail services, primarily in the mid-Atlantic region.

13.    Upon information and belief, the Defendant is the party named above that received the Transfers.

## FACTUAL BACKGROUND

14.    During the Preference Period, the Plaintiffs operated their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, or otherwise, to various entities.

15.    The Plaintiffs have completed an analysis of all readily available information of the Debtors and are seeking to avoid all of the transfers of an interest in the Plaintiffs' property made by one or more of the Plaintiffs to the Defendant within the Preference Period.

16.    The Plaintiffs have determined that the Transfers constituted transfer(s) of an interest of one or more of the Plaintiffs' property to or for the benefit of the Defendant during the Preference Period. The details of each Transfer are set forth on Exhibit A attached hereto and incorporated by reference.

17.    During the course of this Adversary Proceeding, the Plaintiffs may learn (through discovery or otherwise) of additional transfers made to or for the benefit of the Defendant during the Preference Period.  It is the Plaintiffs' intention to avoid and recover all transfers made by the Plaintiffs of an interest of the Plaintiffs in property to or for the benefit of the Defendant or any other transferee.

18.     The Plaintiffs reserve the right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to the Defendant's name, (iv) additional defendants, and/or (v) additional causes of action authorized by the Plan, if applicable (collectively, the "Amendments"), that may become known to the Plaintiffs at any time during this Adversary Proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

19.     The Plaintiffs acknowledges that some of the Transfers might be subject to defenses under Bankruptcy Code section 547(c), for which the Defendant bears the burden of proof under section 547(g).

## FIRST CAUSE OF ACTION
### (Claim to Avoid Preferential Transfers from AW Liquidation, Inc. Pursuant to Bankruptcy Code Section 547)

20.     The Plaintiffs repeat and re-allege each of the allegations set forth above as if fully set forth herein.

21.     As more particularly described on Exhibit A attached hereto and incorporated herein, during the Preference Period, Plaintiff AW made the Transfers to or for the benefit of the Defendant.

22.     The Transfers constitute transfers of an interest in property of AW.

23.     During the Preference Period, the Defendant was a creditor at the time of each Transfer by virtue of supplying to AW goods and/or services for which AW was obligated to pay the Defendant.

24.     Each Transfer was to or for the benefit of a creditor within the meaning of Bankruptcy Code section 547(b)(1), because each Transfer either reduced or fully satisfied a debt or debts then owed by AW.

25.    Each Transfer was made for, or on account of, an antecedent debt or debts owed by AW to the Defendant before such Transfers were made.

26.    Each Transfer was made while AW was insolvent.   AW is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to Bankruptcy Code section 547(f).

27.    Each Transfer was made during the Preference Period, as set forth on Exhibit A.

28.    As a result of each Transfer, the Defendant received more than the Defendant would have received if: (i) AW's case was filed under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant received payments of its debts under the provisions of the Bankruptcy Code.   As evidenced by the Debtors' schedules filed in the underlying Chapter 11 Cases, the proofs of claim that have been received to date and the impaired treatment afforded general unsecured creditors under the Plan, the Debtors' liabilities exceed their assets to the point that general unsecured creditors will not receive a payment in full on account of their respective allowed claims from the Debtors' bankruptcy estates.

29.    The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

30.    Based upon the foregoing, each Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

## SECOND CAUSE OF ACTION
**(Claim to Avoid Preferential Transfers from WR Liquidation, Inc.
Pursuant to Bankruptcy Code Section 547)**

31.    The Plaintiffs repeat and re-allege each of the allegations set forth above as if fully set forth herein.

32.     Subject to proof, the Plaintiffs plead, in the alternative, that one or more of the Transfers described on Exhibit A were made, in whole or part, by WR to or for the benefit of the Defendant.

33.     The Transfers constitute transfers of an interest in property of WR.

34.     During the Preference Period, the Defendant was a creditor at the time of each Transfer by virtue of supplying to WR goods and/or services for which WR was obligated to pay the Defendant.

35.     Each Transfer was to or for the benefit of a creditor within the meaning of Bankruptcy Code section 547(b)(1), because each Transfer either reduced or fully satisfied a debt or debts then owed by WR.

36.     Each Transfer was made for, or on account of, an antecedent debt or debts owed by WR to the Defendant before such Transfers were made.

37.     Each Transfer was made while WR was insolvent.   WR is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to Bankruptcy Code section 547(f).

38.     Each Transfer was made during the Preference Period, as set forth on Exhibit A.

39.     As a result of each Transfer, the Defendant received more than the Defendant would have received if: (i) WR's case was filed under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant received payments of its debts under the provisions of the Bankruptcy Code.   As evidenced by the Debtors' schedules filed in the underlying Chapter 11 Cases, the proofs of claim that have been received to date and the impaired treatment afforded general unsecured creditors under the Plan, the Debtors' liabilities

exceed their assets to the point that general unsecured creditors will not receive a payment in full on account of their respective allowed claims from the Debtors' bankruptcy estates.

40.     The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

41.     Based upon the foregoing, each Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

## THIRD CAUSE OF ACTION
### (Avoidance and Recovery of Fraudulent Transfers Pursuant to Bankruptcy Code Sections 548 and 550)

42.     The Plaintiffs repeat and re-allege each of the allegations set forth above as if fully set forth herein.

43.     Plaintiff AW made the Transfers or a portion thereof to or for the benefit of the Defendant on or within two years prior to the Petition Date.

44.     Subject to proof, AW pleads, in the alternative, that to the extent that one or more of the Transfers identified on Exhibit A were not on account of an antecedent debt owed by AW, then AW received less than reasonably equivalent value in exchange for such Transfers (the "Potentially Fraudulent Transfers").

45.     On the date of each of the Transfers, AW: (i) was insolvent or became insolvent as a result of such Transfer; (ii) was engaged in business or a transaction, or about to engage in business or transactions, for which any property remaining with AW was an unreasonably small capital at the time of, or as a result of, the Transfers; and/or (iii) intended, at the times relevant to this Complaint, to incur, or believed that AW would incur, debts that would be beyond its ability to pay as such debts matured.

46.     The Defendant may also have received additional avoidable Transfers which may be discovered during the discovery process.

47.     Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

## FOURTH CAUSE OF ACTION
### (Claim to Recover Property Pursuant to Bankruptcy Code Section 550)

48.     The Plaintiffs repeat and re-allege each of the allegations set forth above as if fully set forth herein.

49.     One or both of the Plaintiffs are entitled to avoid the Transfers described on **Exhibit A** pursuant to section 547(b) of the Bankruptcy Code and/or any Potentially Fraudulent Transfers pursuant to section 548 of the Bankruptcy Code (the "Avoided Transfers").

50.     The Defendant was the initial transferee of the Avoided Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoided Transfers were made.

51.     Pursuant to section 550(a) of the Bankruptcy Code, one or both of the Plaintiffs are entitled to recover the Avoided Transfers from the Defendant, plus interest thereon from the date of demand to the date of payment, and the costs of this action.

## FIFTH CAUSE OF ACTION
### (Disallowance of Claims Pursuant to Bankruptcy Code Section 502(d) and (j))

52.     The Plaintiffs repeat and re-allege each of the allegations set forth above as if fully set forth herein.

53.     The Defendant is a transferee of Transfers avoidable pursuant to section 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

54.     The Defendant has not paid either of the Plaintiffs the amount of the Transfers or turned over to either of the Plaintiffs the property for which the Defendant is liable under section 550 of the Bankruptcy Code.

55.     Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of the Defendant against the Plaintiffs must be disallowed until such time as the Defendant pays the Plaintiffs an amount equal to the aggregate amount of all of the Transfers, plus interest thereon and costs.

56.     Pursuant to Bankruptcy Code section 502(j), any and all previously allowed claims of the Defendant against the Plaintiffs, including any and all claims assigned by the Defendant, must be reconsidered and disallowed until such time as the Defendant pays to the Plaintiffs the amount equal to the aggregate amount of all of the Transfers, plus interest thereon and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs request that this Court grant the following relief against the Defendant:

A.      On the Plaintiffs' First, Second, Third and Fourth Causes of Action, judgment in favor of the Plaintiffs and against the Defendant, avoiding the Transfers and directing the Defendant to return to the Plaintiffs the amount of the Transfers, pursuant to 11 U.S.C. §§ 547(b), 548 and/or 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B.      On the Plaintiffs' Fifth Cause of Action, judgment in favor of the Plaintiffs and against the Defendant disallowing any claims filed by the Defendant against Plaintiffs until the Defendant returns the Transfers to the Plaintiffs pursuant to 11 U.S.C. § 502(d) and (j); and

C.    Granting the Plaintiffs such other and further relief as the Court deems just and proper.

Dated:  September 7, 2016

SAUL EWING LLP

Mark Minuti (DE Bar No. 2659)
Lucian B. Murley (DE Bar No. 4892)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19801
Telephone: (302) 421-6840
Facsimile: (302) 421-5873
mminuti@saul.com
lmurley@saul.com
mdisabatino@saul.com

-and

Jeffrey C. Hampton
Adam H. Isenberg
Aaron S. Applebaum (DE Bar No. 5587)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Facsimile: (215) 972-7725
jhampton@saul.com
aisenberg@saul.com
aapplebaum@saul.com

*Counsel for Debtors and Debtors-in-Possession*